UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                                      Chapter 7

JOSEPH & FRANCIS VENTIMIGLIA,                               Case No.: 802-86399-478

                          Debtor.
----------------------------------------------------------------X
NEIL H. ACKERMAN, as Trustee of the
Bankruptcy Estate of JOSEPH AND FRANCES
VENTIMIGLIA,

                          Plaintiff,                            Adv. Proc. No. 804-08501

JOSEPH VENTIMIGLIA, a/k/a JOSEPH
VENTIMIGLIA Sr., a/k/a JOSEPH R.
VENTIMIGLIA; FRANCES VENTIMIGLIA;
KAREN CARRAGHER; ROBERT M. CARRAGHER,
a/k/a ROBERT M. CARRAGHER, Jr.; CHRISTINA
CARRAGHER; JOSEPH VENTIMIGLIA, a/k/a
JOSEPH VENTIMIGLIA, Jr.; LINDA VENTIMIGLIA;
JACQUELINE VENTIMIGLIA; and SARAH
VENTIMIGLIA,

                          Defendants.
----------------------------------------------------------------X

**OBJECTION OF TRUSTEE TO DEBTORS' MOTION TO
REOPEN ADVERSARY PROCEEDING #804-8501-478 AND
RECONSIDER JUDGMENT ORDER ENTERED OCTOBER 26, 2007**

Andrew M. Thaler, successor Trustee (the "Trustee") in the above-captioned debtors' case (the "Debtors"), by and through his proposed counsel, Thaler Gertler LLP, objects to the motion (the "Motion") of Robert and Karen Carragher, defendants (the "Defendants") in Adversary Proceeding Number 804-8501-478 (the "Adversary Proceeding"), seeking to reopen the Adversary Proceeding and reconsider the judgment entered against the Defendants on October 26, 2007 (the "Judgment").

1

## BACKGROUND

1.  On September 6, 2002, the Debtors filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Code").

2.  On September 1, 2004, Neil H. Ackerman, formerly trustee in this case (the "Original Trustee"), brought an adversary proceeding against the Defendants, among others, seeking to avoid and recover certain fraudulent transfers the Debtors made prior to their bankruptcy filing on September 6, 2002.

3.  A trial took place on October 2, 2006, and October 10, 2006. On February 27, 2007, the court entered a Memorandum Decision and Order declaring the Original Trustee was entitled to recover from the Defendants, in an amount to be determined by an accounting, funds the Debtors fraudulently transferred to the Defendants.

4.  On October 26, 2007, the court entered the Judgment against the Defendants, awarding the Original Trustee a total amount of $71,000.00.

5.  The Original Trustee consented to administrative appointment of a successor trustee, and by appointment dated August 20, 2012, Andrew M. Thaler was appointed Trustee pursuant to 11 U.S.C. § 703(b).

6.  On September 26, 2012, the Defendants filed this Motion, seeking to reopen the Adversary Proceeding and reconsider the Judgment against them.

7.  For the reasons set forth below, the Trustee objects to the Defendants' Motion to reopen the Adversary Proceeding and reconsider the Judgment.

## THE COURT SHOULD NOT REOPEN THE ADVERSARY PROCEEDING AND RECONSIDER THE JUDGMENT AGAINST THE DEFENDANTS

### a. Defendants' Motion fails to state an adequate claim for relief under Rule 60(b)

8.     The Defendants attached to their Notice of Motion and Application in Support of Motion a letter (the "Letter") explaining their position and the relief they seek.

9.     Specifically, the Defendants claim in the Letter that they only recently discovered that the Judgment against them totaled $71,000.00. Additionally, the Defendants explain in the Letter that they believed they were responsible only for $30,000.00, which they claim the Debtors gave them for a down payment on a house.

10.     The Defendants argue that because they believe they are liable for only $30,000.00, and because they have paid nearly $30,000.00 of the total Judgment, they should be relieved of the $41,000.00 balance. The Defendants also mention personal issues that they ask the court to consider in support of their request for relief.

11.     Under FED. R. BANKR. P. 9024, "Rule 60 F.R.Civ.P. applies in cases under the [Bankruptcy] Code," except in certain circumstances not relevant in this case. FED. R. CIV. P. 60 ("Rule 60"), which addresses Relief from a Judgment or Order, provides in subsection (b) six different reasons for which "the court may relieve a party or its legal representative from a final judgment, order, or proceeding."

12.     Specifically, Rule 60(b)(1)–(5) provide that the court may relieve a party for, *inter alia*, mistake, newly discovered evidence, fraud, voidness, or satisfaction of the

judgment. Additionally, Rule 60(b)(6) provides a catchall provision allowing the court to consider "any other reason that justifies relief."

13. Nowhere in the Notice of Motion, Application in Support of Motion, or Letter do the Defendants state under which specific provision of Rule 60(b) they seek relief. However, because the Defendants' Letter speaks only to their belief as to the amount of the Judgment and the burden the Judgment imposes upon them—reasons not included Rule 60(b)(1)–(5)—the Defendant's motion ostensibly seeks relief under the catchall provision of Rule 60(b)(6). *See In re Rijo*, No. 09-8559-reg., 2012 WL 1309630, at *4 (Bankr. E.D.N.Y. Apr. 16, 2012) ("Relief from a final judgment under Rule 60(b)(6) is only appropriate when the grounds for relief are not addressed in Rule 60(b)(1) through (5), and when the movant can show 'exceptional circumstances' justifying relief.").

14. "Relief pursuant to Rule 60(b)(6) may only be granted under extraordinary or exceptional circumstances." *In re PT-1 Communications, Inc.*, 412 B.R. 84, 96 (Bankr. E.D.N.Y. 2009). In order to obtain relief under Rule 60(b)(6), "a movant must show 'highly convincing' evidence supporting the motion, good cause for failing to act sooner, and that granting the motion would not cause undue hardship on the other party." *Id.* at 97.

15. In their Letter the Defendants fail to present the requisite "highly convincing evidence" of the "extraordinary or exceptional circumstances" justifying the relief they seek. The Defendants present only two reasons supporting their application for relief, neither of which satisfy Rule 60(b)(6)'s high burden.

16. The Defendants claim that they thought the Judgment against them was for only $30,000.00 and only recently learned that the Judgment total was $71,000.00. Notwithstanding their knowledge of the total Judgment balance, the Defendants contend their "debt" is only $30,000.00, and since they have nearly paid that amount, the court should relieve them from the remaining balance.

17. The Defendants also ask the court to take into consideration certain personal problems they have been experiencing, though they fail to make a direct connection between the Judgment and these problems.

18. As noted above, in order to obtain relief under Rule 60(b)(6), the Defendants "must show 'highly convincing' evidence supporting the motion, good cause for failing to act sooner, and that granting the motion would not cause undue hardship on the other party." *In re PT-1 Communications, Inc.*, 412 B.R. at 97.

19. In support of their motion, the Defendants present only the Letter, which is one page in length, offers no concrete evidence of exceptional or extraordinary circumstances, and fails to address why the Defendants waited five years to seek relief from the Judgment.

20. Regarding the Defendants' knowledge of the amount of the Judgment, on October 16, 2007, the Original Trustee filed and served a Notice of Settlement of Judgment Regarding Court's Memorandum Decision and Order Dated February 27, 2007 (the "Notice of Settlement of Judgment"). The Original Trustee attached the Judgment to the Notice of Settlement of Judgment and filed an Affidavit of Service indicating the Original Trustee served the Defendants' counsel with the Notice of

Settlement of Judgment (Affidavit of Service and Notice of Settlement of Judgment attached as Exhibit "A").

21. Similarly, on January 18, 2010, the Original Trustee served Defendant Robert Carragher with a Notice to Judgment Debtor and Restraining Notice (the "Restraining Notice"), informing the Defendants of the Judgment and specifying its total balance of $71,000.00 (Affidavit of Service attached as Exhibit "B").

22. Finally, on July 2, 2010, via letter, and July 18, 2010, via letter and facsimile, the Original Trustee's counsel contacted Defendant Karen Carragher to inform her the Trustee would accept her offer settling the Judgment for fifty percent of the total amount, but that the Original Trustee would proceed to execute on the Judgment if they did not finalize the settlement by July 28, 2010 (Affirmation of Christine Hansen attached as Exhibit "C"). The Defendants never responded to the Original Trustee's counsel's letters.

23. Thus, in as early as 2007 and as recently as 2010, the Defendants received proper notice of the Judgment and its $71,000.00 balance. Moreover, the Defendants already passed on an opportunity to settle the Judgment with the Original Trustee for fifty percent of the total amount of the Judgment

24. In sum, the Defendants have not presented evidence sufficient to satisfy the burden required for relief from the Judgment under Rule 60(b)(6).

**b. Defendants' Motion is untimely under Rule 60(c)(1)**

25. Rule 60(c)(1) addresses the timing of a motion under Rule 60(b) and requires that a motion "must be made within a reasonable time — and for reasons (1),

(2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

26.    As noted above, the Defendants do not specify under which provision of Rule 60(b) they seek relief. However, because the claims in the Letter do not appear to address Rule 60(b)(1)–(5), the Motion ostensibly seeks relief under Rule 60(b)(6)'s catchall provision. "Although a motion pursuant to Rule 60(b)(6) is not subject to a specific time limitation, it must be brought within a reasonable time." *In re PT-1 Communications, Inc.*, 412 B.R. at 97.

27.    In this case, the court entered the Judgment against the Defendants on October 26, 2007. Not until September 26, 2012, did the Defendants file this Motion seeking relief from the Judgment. Thus, the Defendants waited nearly five years from the date the court entered the Judgment to seek relief, an amount of time that can hardly be characterized as reasonable.

28.    Moreover, by claiming in the Letter that the Debtors gave only $30,000.00 to the Defendants, the Defendants ostensibly seek to challenge the findings the court made in its February 27, 2007, Memorandum Decision and Order and the subsequent Judgment. This is inappropriate, however, because a Rule 60(b) motion is not a substitute for a timely appeal. *See In re Rijo*, 2012 WL 1309630, at *4.

29.    Thus, because the Defendants waited nearly five years to seek relief, they are unable to avail themselves of a traditional appeal, and they similarly cannot use Rule 60(b)(6)'s catchall language to seek the same untimely relief. *See In re PT-1 Communications, Inc.*, 412 B.R. at 97 ("To allow a court to address the merits of an

argument at any time, regardless of whether proper procedure was followed, would undermine the purpose of the limitations period prescribed by the Rules and the Bankruptcy Rules.").

30.     In sum, because the Defendants waited nearly five years from the entry of the Judgment to seek relief, the Motion is untimely under Rule 60(c)(1).

WHEREFORE, the Trustee respectfully requests that this Court deny the Defendants' Motion seeking to reopen the Adversary Proceeding and reconsider the Judgment.

Dated: East Meadow, New York
       October 9, 2012

THALER GERTLER LLP
90 Merrick Avenue, Suite 400
East Meadow, New York 11554
Tel: (516) 228-3553
Fax: (516) 228-3396

By: _____
Andrew M. Thaler, Esq.
thaler@thalergertler.com